UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHAD M. WILSING,

                                Plaintiff,

     v.                                                      Case No. 20-cv-76-pp

MICHAEL D. YOUNG,
and BALIHAI EVANS,

                                Defendants.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

_____

Chad Wilsing, an inmate at Dodge Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint.

This case previously was assigned to Magistrate Judge William Duffin. Because the court has not yet ordered the complaint to be served on the defendants, they don't know that the plaintiff has sued them, and they haven't had a chance to decide whether to consent to Judge Duffin's authority to decide the case. The clerk's office reassigned the case to this district judge to consider whether to dismiss the case.

**I.    Motion for Leave to Proceed without Prepaying Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let a prisoner plaintiff proceed without prepaying

1

the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 31, 2020, Judge Duffin ordered the plaintiff to pay an initial partial filing fee of $24.33. Dkt. No. 6. The court received that fee on February 18, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that he has become aware that defendant Michael Young, Whitefish Bay Police Chief, provided a "severely damaging letter" to the plaintiff's probation and parole agent, defendant Balihai Evans. Dkt. No. 1 at 2. The plaintiff alleges that Young defamed his character because the letter included personal opinions, exaggerated and unsupported facts and information that was outside of Young's jurisdiction. Id.

The plaintiff asserts that the "direct communication clearly illustrates collaboration between two independently active government agencies." Id. He also asserts that the defendants disregarded facts, made statements for their own personal interests and benefit, and discredited and defamed the plaintiff. Id. The plaintiff alleges that Young and Evans' "sole purpose [was] to remove [the plaintiff] from the community for as long as possible based again on

3

personally feeling 'disrespected when [the plaintiff] was not sentenced to actual time in prison . . . ." Id. at 3.

The plaintiff seeks compensatory and punitive damages. Id. at 4. He also asks the court "to reverse the revocation decision allowing [him] the ability to finish serving the remainder of [his] probation until discharge on December 5, 2020." Id. He'd also like the court to "[i]ssue time served on the 120 day OWI ticket which is currently being run consecutive to revocation sentence," remove all internet postings related to the event that led to his arrest, seal all court records and help establish an AODA and Mental Health Awareness program to help the Whitefish Bay community. Id.

C. Analysis

Part of the relief the plaintiff seeks is for the court to reverse the revocation of his supervised release so he can serve the remainder of his sentence in the community rather than in prison. The proper avenue for seeking that relief is to file a petition for writ of *habeas corpus* under 28 U.S.C. §2254; prisoners cannot seek that kind of relief in a §1983 case. Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement . . . fall under § 1983 . . . . Attacks on the fact or duration of confinement come under § 2254.")

Nor can this court "issue time served" on an operating-while-under-the-influence ticket. This court did not issue that ticket; it has no power to determine the sentence on the ticket. The plaintiff may challenge that sentence by appealing it or by seeking a writ of *habeas corpus*.

As to the substance of the plaintiff's claims, the court can't tell what the plaintiff believes the defendants did to violate his constitutional rights. He

4

takes issue with the collaboration of "two independently active government agencies," dkt. no. 1 at 2, but he does not explain—and the court does not know of any reason—why it would be improper for government agencies to collaborate. Perhaps Young previously had interacted with the plaintiff and chose to communicate his impressions of the plaintiff to Evans, who was supervising the plaintiff while the plaintiff was on some kind of supervision. The court is not aware of any constitutional provision or federal law that would prohibit Young from sharing his knowledge or impressions with the plaintiff's supervising agent. The plaintiff may have disagreed with Young's impression of him, but that disagreement cannot form the basis of a constitutional claim, nor can the mere fact that the defendants communicated with each other about the plaintiff establish a constitutional claim.

It appears that the plaintiff's main concern is that Young allegedly defamed him by giving Evans false or misleading information. Defamation—lying about someone—is a state-law cause of action. Allegations of defamation alone cannot form the basis for a federal civil rights claim under §1983. Pitts v. City of Kankakee, Ill., 267 F.3d 592, 596 (7th Cir. 2001). If the plaintiff is alleging that he suffered harm to his reputation or good name when Young communicated with Evans, he hasn't stated a claim under §1983. If he wants to sue Young or Evans for defamation, he must do so in state court.

That said, the Seventh Circuit has explained that defamation "can be a *component* of a constitutional tort." Spiegel v. Rabinovitz, 121 F.3d 251, 255 (7th Cir. 1997) (emphasis in original). Defamation can rise from a state-law claim to a constitutional tort when an interest protected by the due process clause (life, liberty, property) is at stake. Id. at 255-56.

5

It's unclear if the plaintiff is alleging that his supervised release was revoked *because of* Young's letter. The plaintiff mentions an OWI ticket for which he's serving 120 days. He states this sentence is running "consecutive to [his] revocation sentence." Dkt. No. 1 at 4. The court doesn't know why the plaintiff's supervision was revoked or who made the ultimate decision to revoke it. Young and Evans cannot be liable for an allegedly improper revocation of the plaintiff's supervision if they were not responsible for the revocation decision. See Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017) (explaining that §1983 requires that an individual be personally involved in the alleged constitutional violation).

Even if the court construes the plaintiff's allegations broadly and assumes that Evans played some role in the improper revocation of the plaintiff's supervision based on Young's letter, the court would not allow the plaintiff to proceed because his claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the §1983 "complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. To prevail on a claim for damages, the plaintiff would have to show that Young's alleged defamation resulted in the unlawful revocation of his supervision. That showing would necessarily invalidate the revocation. Heck says that a plaintiff can't make a claim like that in a §1983 suit. See, *e.g.*, Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

6

The court **ORDERS** that this case is **DISMISSED without prejudice.** The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $325.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**